# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| MICHAEL CARNEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-06-194 ALR |
| | ) | |
| B & B SERVICE CO., MICHAEL | ) | |
| BLOOM, DAVID BLOOM, and STEEL | ) | |
| SUPPLIERS ERECTORS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: September 19, 2019
Decided: October 29, 2019

*Upon Defendants' Motion to Dismiss Count III of the Complaint*
**DENIED**

## ORDER

Upon consideration of Defendants' Motion to Dismiss Count III of the Complaint; the opposition thereto filed by Plaintiff Michael Carney ("Plaintiff"); the facts, arguments, and authorities set forth by the parties; the Superior Court Civil Rules; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Plaintiff owns a parcel of real estate located on Front Street in Wilmington, Delaware ("Property").

2. On June 21, 2019, Plaintiff initiated this lawsuit, setting forth several claims of tortious conduct relating to Defendants' alleged trespass onto the Property.

3.     Defendant B & B Service Co. ("B&B") is a Delaware corporation that owns the property adjacent to Plaintiff's property ("Adjacent Property"). Defendant Steel Suppliers Erectors, Inc. ("Steel Suppliers") is a Delaware corporation that operates a business on the Adjacent Property. Defendants Michael Bloom and David Bloom are parties to this action in their individual capacities and as officers of B&B and Steel Suppliers (B&B, Steel Suppliers, Michael Bloom, and David Bloom, collectively "Defendants").

4.     The Complaint alleges that in 2008 Defendants erected a fence that encroached upon approximately 75 feet of the Property. The Complaint further alleges that Plaintiff has repeatedly demanded that Defendants remove the fence.

5.     The Complaint alleges that Plaintiff negotiated with a third party to sell the Property in 2018. According to the Complaint, Michael Bloom told the third party that Defendants refused to remove the fence and that the fence had been in place for 30 years. The Complaint alleges that Michael Bloom's statement to the third party was false and designed to interfere with Plaintiff's ability to market and sell the Property.

6.     On August 15, 2019, in lieu of an answer, Defendants filed a motion to dismiss Count III of the Complaint for failure to state a claim upon which relief can be granted. Count III of the Complaint sets forth a claim for tortious interference with business relationships. Plaintiff opposes Defendants' Motion.

2

7. On a motion to dismiss for failure to state a claim upon which relief can be granted,[1] the Court must read the complaint generously, accept all well-pleaded allegations contained therein as true, and draw all reasonable inferences in a light most favorable to the non-moving party.[2] A well-pleaded complaint puts the opposing party on notice of the claim being brought against it.[3] Dismissal is warranted only "when the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[4] Allegations that are merely conclusory and lacking factual basis will not survive a motion to dismiss.[5]

8. To survive a motion to dismiss for failure to state a claim for tortious interference with business relationships, the plaintiff must establish: "(1) the reasonable probability of a business opportunity; (2) the intentional interference by the defendant with that business opportunity; (3) proximate causation; and (4) damages, all of which must be considered in light of the defendant's privilege to compete or protect his business interests in a fair and lawful manner."[6] Defendants

---

[1] Super. Ct. Civil R. 12(b)(6).

[2] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).

[3] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970).

[4] *Ridley v. Bayhealth Med. Ctr., Inc.*, 2018 WL 1567609, at *3 (Del. Super. Ct. Mar. 20, 2018) (internal citations omitted).

[5] *Cornell Glasgow, LLC v. La Grange Props., LLC*, 2012 WL 2106945, at *7 (Del. Super. Ct. June 6, 2012) (internal citations omitted).

[6] *Orthopaedic Assocs. of S. Del., P.A. v. Pfaff*, 2018 WL 822020, at *2 (Del. Super. Ct. Feb. 9, 2018).

3

argue that the Complaint does not adequately plead the "reasonable probability" and "intentional interference" elements.

9. To meet the reasonable probability element, "a plaintiff 'must identify a specific party who was prepared to enter into a business relationship with the plaintiff but was dissuaded from doing so by the defendant and cannot rely on generalized allegations of harm.'"[7] The complaint need not identify the party by name but "must allege enough detail for the Court to be able to infer the existence of specific parties who presented an existing or potential business opportunity."[8] "To be reasonably probable, a business opportunity must be 'something more than a mere hope or the innate optimism of the salesman' or a 'mere perception of a prospective business relationship.'"[9]

10. Assuming the well-pleaded facts are true, Plaintiff's Complaint establishes the reasonable probability of a business opportunity. Plaintiff alleges that he negotiated the sale of the Property with a third party and that the third party has been unwilling to contract with Plaintiff to purchase the property as a result of Defendants' trespass and representations regarding the duration of the trespass.

---

[7] *Id.* (quoting *U.S. Bank Nat'l Ass'n v. Gunn*, 23 F. Supp. 3d 426, 436 (D. Del. 2014)) (brackets omitted).
[8] *Id.* at *3.
[9] *Agilent Techs., Inc. v. Kirkland*, 2009 WL 119865, at *7 (Del. Ch. Jan. 20, 2009) (quoting *Wolk v. Teledyne Indus., Inc.*, 475 F. Supp. 2d 491, 512 (E.D. Pa. 2007); *Lipson v. Anesthesia Servs. P.A.*, 790 A.2d 1261, 1285 (Del. Super. Ct. 2001)).

Accordingly, Plaintiff has adequately pleaded a reasonable probability of a business opportunity.

11.     To meet the intentional interference element, "a plaintiff must prove that the defendant's interference with the plaintiff's business opportunity was intentional and wrongful or improper."[10]  "An alleged interference in a prospective business relationship is only actionable if it is wrongful."[11]

12.     Defendants argue that Defendants' interference with Plaintiff's sale of the Property was not wrongful or improper.  Citing *Soterion Corp. v. Soteria Mazzanine Corp.*,[12] Defendants argue that Michael Bloom's representations to the third party merely conveyed a truth—the existence of a dispute over the ownership of the Property—and were therefore neither wrongful nor improper.  In *Soterion Corp.*, the Court of Chancery, in a post-trial memorandum, found that the counterclaim defendants did not improperly interfere with the counterclaim plaintiff's sale of a medical imaging center by faxing a copy of a complaint to the potential buyers.[13]  The faxed complaint alleged that the counterclaim plaintiffs had engaged in various tortious and other wrongful conduct.[14]  The Court of Chancery found that the counterclaim defendants had not engaged in improper interference by

---

[10] *Pfaff*, 2018 WL 822020, at *2.
[11] *Kirkland*, 2009 WL 119865, at *8.
[12] 2012 WL 5378251 (Del. Ch. Oct. 31, 2012).
[13] *Id.* at *14.
[14] *Id.* at *6–7.

5

faxing the complaint because the faxed complaint had been filed and the existence of litigation was therefore truthful at the time the complaint was sent.[15]

13.     Defendants' reliance on *Soterion Corp.* is misplaced.    In *Soterion Corp.*, the Court of Chancery made findings on the merits after trial.  The procedural posture of the case before this Court requires merely notice of a prima facie case.

14.     At this stage in the proceedings, Plaintiff has pleaded sufficient facts to support a claim for tortious interference with business relationships.

**NOW, THEREFORE, this 29th day of October 2019, Defendants' Motion to Dismiss Count III of the Complaint is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**

---

[15] *Id.* at *14.

6